UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOM CRONIN, KELLY CRONIN,
and BRITTANY CRONIN,

                          Plaintiffs,

v.                                              Civil Action No.: 23-CV-0014

TOWN OF WEST SENECA, NEW YORK,
KEVIN BARANOWSKI, DONALD DRISCOLL,
JEFFREY COIA, JAMIE PAPPACENO,
GERALD FIBICH, ROBERT DEPPELER,
JAMIE PIMENTEL, and GLENN ERNY,

                          Defendants.

---

### ATTORNEY DECLARATION IN SUPPORT OF
### PLAINTIFFS' MOTION TO CONSOLIDATE

**CHAD A. DAVENPORT, ESQ.**, declares under the penalty of perjury:

1. I am an attorney duly licensed to practice law in the State of New York, and before the United States District Court, Western District of New York. I am an associate with the law firm of Rupp Pfalzgraf LLC, attorneys for plaintiffs Tom, Kelly, and Brittany Cronin, in the above-entitled action. I have worked on this matter extensively; therefore, I am fully familiar with the facts and circumstances of this case.

2. I submit this declaration in support of Plaintiffs' motion to consolidate the instant action with the related action pending before this Court captioned *John R. Andrews, Jr., v. Town of West Seneca, New York, et al.*, Civil Action No. 1:21-CV-00746 (W.D.N.Y.) (the "Related Action").

1

3. Our firm represents the plaintiffs in both actions. Both cases are in their early stages, and discovery has not yet begun in earnest as the parties in both cases still await a Rule 26 conference and/or scheduling order in both matters.

4. As demonstrated in the accompanying memorandum of law, the subject actions should be consolidated for the reasons of judicial convenience and economy, for the convenience of the parties herein, for the sake of expediency in resolving both of the subject actions, and since, factually, the two actions arise from the same occurrence and involve all of the parties listed in the two actions. Contrarily, there are no apparent reasons not to consolidate the subject actions, since both matters are at the preliminary stages of litigation, there is no prejudice to any of the parties, and there are no witnesses to be inconvenienced by consolidation.

5. For the reasons discussed in the accompanying memorandum of law, consolidation should be ordered in the interests of justice and judicial economy. Plaintiffs request that this Court consolidate both actions for all purposes.

Dated: March 30, 2023
Buffalo, New York

        **RUPP PFALZGRAF LLC**
        *Attorneys for Plaintiffs*

        By:   <u>s/Chad A. Davenport</u>
              Chad A. Davenport
              1600 Liberty Building
              Buffalo, New York 14202-3694
              (716) 854-3400
              davenport@rupppfalzgraf.com
              4859-1185-1866, v. 1