UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOM CRONIN, KELLY CRONIN,
and BRITTANY CRONIN,

                           Plaintiffs,


            v.                                          Civil Action No.:  23-CV-0014

TOWN OF WEST SENECA, NEW YORK,
KEVIN BARANOWSKI, DONALD DRISCOLL,
JEFFREY COIA, JAMIE PAPPACENO,
GERALD FIBICH, ROBERT DEPPELER,
JAMIE PIMENTAL, and GLENN ERNY,


                           Defendants.

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE

**RUPP PFALZGRAF LLC**
*Attorneys for Plaintiff*
R. Anthony Rupp III
Chad A. Davenport
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
rupp@rupppfalzgraf.com
davenport@rupppfalzgraf.com

## PRELIMINARY STATEMENT

Plaintiffs, Tom, Kelly, and Brittany Cronin, by and through their counsel, Rupp Pfalzgraf LLC, submits this memorandum of law in support of their motion pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate this action with the related action pending before this Court captioned *John R. Andrews, Jr., v. Town of West Seneca, New York, et al.*, Civil Action No. 1:21-CV-00746 (W.D.N.Y.) (the "Related Action").[1]

As demonstrated below, consolidation of the Related Action and the instant action (the "Related Actions") is appropriate because both actions involve common and overlapping questions of fact and law, potential witnesses and evidence will be similar in both actions, and because the interests of justice and judicial economy will be served by consolidation of these matters.  Thus, the Court should consolidate these two related proceedings not only for discovery, but also for an eventual trial.

As explained below, the two subject actions arose from one single occurrence, an unlawful search Plaintiff's home on January 7, 2020.  Indeed, this is an extremely compelling case for consolidation.  The most salient factor is that many witnesses who will be called to testify at depositions and at trial will be called as witnesses in both cases.  Moreover, these cases are both still in the discovery stage, and there will be no prejudice to the defendants in the Related Action who are represented by the same attorneys in both actions.  Since both actions are in their litigation infancy, the Related Actions should be consolidated, with District Judge Vilardo and Magistrate Judge Foschio presiding.

---

[1] Plaintiff in the second action, John R. Andrews, Jr., is not opposed to consolidation.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

The facts and procedural history underlying this matter and relevant to the instant motion are provided in the accompanying March 30, 2023, Declaration of Chad A. Davenport ("Davenport Decl."). The Court respectfully is referred to that document, as the facts and procedural history will be stated only for emphasis, as needed.

## ARGUMENT

### THIS COURT CAN (AND SHOULD) ORDER CONSOLIDATION OF THE RELATED ACTIONS

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." *See Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999). District Courts have broad discretion to determine whether consolidation is appropriate, *see Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), and may *sua sponte* consolidate actions under Rule 42(a). *See Devlin*, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, . . ., invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130 (internal quotations and citations omitted); *see, e.g., Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) ("the Second Circuit suggests that Rule 42(a) 'be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion'") (quoting *Devlin*, 175 F.3d at 130); *Ovadia v. Top Ten Jewelry Corp.*, No. 12-CV-00211, 2005 WL 1337792, at *1 (S.D.N.Y. June 3, 2005) ("consolidation is favored where supported by considerations of judicial economy") (internal quotations and citations omitted).

As found previously by this Court:

> The advantages of consolidation include cost and time savings for
> parties, a more efficient use of judicial resources, diminished
> inconvenience for the witnesses and a reduced or eliminate risk of
> inconsistent adjudications of common questions of fact and law.
> The disadvantages include the risk of possible juror confusion and
> the risk that one or more of the parties will be prejudiced by a
> consolidated trial.  Generally speaking, consolidation is
> appropriate when the advantages outweigh the disadvantages.

*Richardson v. Michelin*, No. 95-CV-0760, 1998 WL 329387, at *1 (W.D.N.Y. June 3, 1998).

In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are
> overborne by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple lawsuits, the length
> of time required to conclude multiple suits as against a single one,
> and the relative expense to all concerned of the single-trial,
> multiple-trial alternatives.

*Ruane*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013).

Here, the actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification would reduce case duplication, avoid the need to contact parties and witnesses for multiple proceedings, and minimize expenditure of time and money for all parties involved.  Indeed, the fact that both actions are still in the early-discovery (or pre-answer) stage is an additional factor that weighs in favor of consolidation.  This reasoning is the crux of the Plaintiffs' application for consolidation.  The only way the Related Actions can be fairly adjudicated is if they are consolidated.  Thus, for the reasons stated below, the Court should consolidate these actions.

A.    **The Related Actions Involve Common Questions of Law and Fact.**

It is beyond dispute that common questions of fact and law exist in the Related Actions. As demonstrated by the allegations in the complaints for both actions, John R. Andrews, and Tom, Kelly and Brittany Cronin are raising claims regarding an unreasonable search and seizure of their home by defendants on January 7, 2020, in violation of their rights under the Fourth Amendment to the United States Constitution. In fact, a central legal issue in both actions is whether the defendants obtained a search warrant to search the plaintiffs' home by omitting facts and including material falsehoods in an affidavit to obtain the search warrant. Other common legal issues include whether qualified immunity (asserted by all defendants in the Related Actions in the answers filed to date) applies to certain aspect of the actions. To be sure, the remedies sought in both actions are identical as well.

Since there are common legal and factual issues, consolidation is permitted and favored. Indeed, Rule 42 permits consolidation when there are *either* common legal questions or common factual questions. It stands to reason that consolidation is favored even more when there exist both common factual and legal questions, as here. Because consolidating the matters will promote judicial economy and avoid unnecessary duplication of efforts and the resultant costs, the Related Action are due to be consolidated for all purposes.

B.    **Consolidating the Related Actions Will Advance Judicial Economy.**

Consolidation will allow the parties to avoid wholly duplicative discovery, will allow the Court to oversee and manage discovery and claim construction (and potentially trial) in a comprehensive and economical manner, and will avoid the risks of inconsistent results. Given the factual overlap in these cases, not only is there a serious potential for inconsistent jury

findings, there also is tremendous incentive to consolidate due to the efficiencies and cost savings that can be achieved for both the judicial system and the parties. For example, only one motion for summary judgment will need to be filed and decided by the Court. Otherwise, the parties will be required to file two motions each, oppose both motions, and reply to both oppositions each on the same basic factual and legal issues. It is clear that consolidating the cases will result in substantial savings of judicial resources and expenses for the parties. Thus, consolidation is favored.

Consolidating the Related Actions will not result in any unreasonable delay or prejudice of any kind to the defendants. Indeed, in this case, it appears that there are few disadvantages, if any, and therefore it is respectfully submitted that Plaintiffs' motion to consolidate should be granted. *Pay Tel Systems, Inc. v. Seiscor Technologies, Inc.*, 1996 WL 67938, at *2 (S.D.N.Y. Feb. 15, 1996) ("Courts generally favor consolidation, as it prevents inconsistent results and promotes efficiency.") Considering that the same witnesses will be called to testify in both actions, the same discovery will be requested, and no doubt the same claims and issues disputed by the same defendants and defense counsel, the advantages clearly weigh in favor of consolidation. Given that John R. Andrews, Jr., the party who would suffer the most prejudice by reason of a delay, is willing to accept that delay in the interests of saving time and effort to bring their case to a successful conclusion, the Court should grant Plaintiffs' motion to consolidate in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court consolidate *John R. Andrews v. Town of West Seneca, New York et al.*, Civil Action No. 1:21-CV-00746 (W.D.N.Y.), for all purposes with the instant action. In addition, Plaintiffs request that this Court grant all other relief deemed to be just and proper.

Dated: March 30, 2023
       Buffalo, New York

                         Respectfully submitted,

                         **RUPP PFALZGRAF LLC**
                         *Attorneys for Plaintiff*

                         By: _____ *s/Chad A. Davenport*_____
                               R. Anthony Rupp III
                               Chad A. Davenport
                               1600 Liberty Building
                               Buffalo, New York 14202
                               (716) 854-3400

4877-0364-1432, v. 2